# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50623
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pablo Ayala-Malagon,

*Defendant—Appellant*,

consolidated with

---

No. 25-50636

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Pablo Malagon-Ayala,

*Defendant—Appellant*.

No. 25-50623
c/w No. 25-50636

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:25-CR-327-1, 2:25-CR-1617-1

_____

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Juan Pablo Ayala-Malagon[1] appeals following (i) his conviction and sentence under 8 U.S.C. § 1326(a) and (b)(1) for illegal reentry into the United States (No. 25-50623) and (ii) the revocation of his previously imposed term of supervised release and imposition of sentence (No. 25-50636). Regarding his new conviction, Ayala-Malagon argues that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He does not raise any issue related to the revocation. Ayala-Malagon concedes that his only argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he seeks to preserve it for possible Supreme Court review. The Government moves for summary affirmance or, alternatively, for an extension of time to file its brief. Ayala-Malagon has declined to take a position on the motion for summary affirmance.

As Ayala-Malagon concedes, his argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] The district court in the matter underlying No. 25-50623 uses the name "Juan Pablo Ayala-Malagon," but lists as an alias the name "Juan Pablo Malagon-Ayala," which the district court uses in the order in the matter underlying No. 25-50636. We use "Juan Pablo Ayala-Malagon" here, as the parties have done.

No. 25-50623
c/w No. 25-50636

conviction" (internal quotation marks and citation omitted)).   Summary affirmance is therefore appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgments are AFFIRMED.